IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AVOCET SPORTS TECHNOLOGY INC, <br><br>           Plaintiff, <br><br>   v. <br><br> POLAR ELECTRO INC, <br><br>           Defendant.                         / | No. C -12-02234 EDL <br><br> **ORDER DENYING DEFENDANT'S MOTION FOR ATTORNEY'S FEES** |

On April 16, 2013, the Court granted Defendant's motion for summary judgment on the grounds that Plaintiff's claims were barred by laches. On May 2, 2013, Defendant filed this motion for attorney's fees, which has been fully briefed. In the motion, Defendant sought an award of the full amount of its fees from Plaintiff, its counsel and its principal, Mr. Bud Hoffacker, pursuant to 35 U.S.C. § 285 and 28 U.S.C. § 1927. Defendant has two bases for the request for fees: (1) that Plaintiff failed to preform a pre-filing investigation of some of the accused products, in particular, the AXN300, AXN500 and AXN700; and (2) that Plaintiff pursued this litigation despite evidence that the accused products above were openly advertised, marketed and sold more than six years prior to Plaintiff suing Defendant. Defendant argues that it is entitled to fees covering one of two time periods: (1) the period from inception of this case (August 24, 2011) to April 30, 2013 in the amount of $263,016.42; or (2) the period beginning when Plaintiff had Defendant's sales data showing sales of the accused AXN300, AXN500 and AXN700 more than six years prior to Plaintiff suing Defendant (December 14, 2012) to April 18, 2013 in the amount of $104,029.35. Declaration of John Moran ("Moran Decl.") ¶ 23; Ex. G.

The Court held a hearing on Defendant's motion for attorney's fees on June 11, 2013. At the hearing, the Court gave Plaintiff leave to file additional evidence in support of its opposition to

Defendant's motion. Plaintiff timely filed Mr. Hoffacker's declaration on June 18, 2013. Defendant filed a response on June 28, 2013. For the reasons stated in this Order, Defendant's Motion for Attorney's Fees is denied.

**Discussion**

**1. Fees are not warranted under the high standard for awards pursuant to 35 U.S.C. § 285**

"The court in exceptional cases may award reasonable attorney fees to the prevailing party." 35 U.S.C. § 285. "Exceptional cases usually feature some material, inappropriate conduct related to the matter in litigation, such as willful infringement." Revolution Eyewear, Inc. v. Aspex Eyewear, Inc., 563 F.3d 1358, 1372 (Fed. Cir. 2009); see also Eltech Sys. Corp. v. PPG Indus., Inc., 903 F.2d 805, 811 (Fed. Cir. 1990) (assessing the totality of the circumstances in determining whether a case is exceptional, including bad faith and the parties' conduct: "Where, as here, the patentee is manifestly unreasonable in assessing infringement, while continuing to assert infringement in court, an inference is proper of bad faith, whether grounded in or denominated wrongful intent, recklessness, or gross negligence.").

Awarding attorney's fees under § 285 involves a two-step inquiry: (1) the Court must first determine "whether there is clear and convincing evidence that a case is exceptional"; and (2) if so, the Court "must then determine in its discretion whether an award of attorney fees is justified." Id. at 1372–73. A case may be exceptional for the purpose of awarding attorney's fees based on "[l]itigation misconduct and unprofessional behavior." Sensonics, Inc. v. Aerosonic Corp., 81 F.3d 1566, 1574 (Fed. Cir. 1996). Further:

> Section 285 must be interpreted against the background of the Supreme Court's decision in Professional Real Estate Investors, Inc. v. Columbia Pictures Industries, Inc., 508 U.S. 49, 113 S.Ct. 1920, 123 L.Ed.2d 611 (1993). There, the Court recognized that the right to bring and defend litigation implicated First Amendment rights and that bringing allegedly frivolous litigation could only be sanctioned if the lawsuit was "objectively baseless in the sense that no reasonable litigant could realistically expect success on the merits." Id. at 60, 113 S.Ct. 1920. "Only if challenged litigation is objectively meritless may a court examine the litigant's subjective motivation." Id.
>
> In determining whether a case is "exceptional" under § 285, the relevant standard is set forth in Brooks Furniture Manufacturing, Inc. v. Dutailier International, Inc., 393 F.3d 1378 (Fed.Cir.2005). There, we held that an award of attorneys' fees is permissible "when there has been some material inappropriate conduct related to the matter in litigation, such as willful infringement, fraud or inequitable conduct in procuring the patent, misconduct during litigation, vexatious or unjustified litigation,

2

conduct that violates Fed.R.Civ.P. 11, or like infractions." Id. at 1381. Relying on Professional Real Estate, we held that, absent misconduct during patent prosecution or litigation, sanctions may be imposed against a patent plaintiff "only if both (1) the litigation is brought in subjective bad faith, and (2) the litigation is objectively baseless." Id.; see also Wedgetail Ltd. v. Huddleston Deluxe, Inc., 576 F.3d 1302, 1304–06 (Fed.Cir.2009) (refusing to find patentee's unsuccessful case exceptional under Brooks Furniture). An infringement action "does not become unreasonable in terms of [§ 285] if the infringement can reasonably be disputed. Infringement is often difficult to determine, and a patentee's ultimately incorrect view of how a court will find does not of itself establish bad faith." Brooks Furniture, 393 F.3d at 1384. *Under this exacting standard, the plaintiff's case must have no objective foundation, and the plaintiff must actually know this.* Both the objective and subjective prongs of Brooks Furniture "must be established by clear and convincing evidence." Wedgetail, 576 F.3d at 1304. We recognize a "presumption that the assertion of infringement of a duly granted patent is made in good faith." Brooks Furniture, 393 F.3d at 1382 (citing Springs Window Fashions LP v. Novo Indus., L.P., 323 F.3d 989, 999 (Fed.Cir.2003)).

iLOR, LLC v. Google, Inc., 631 F.3d 1372, 1376-77 (Fed. Cir. 2011) (emphasis added).

**A.   Defendant argues that Plaintiff failed to perform an adequate pre-filing investigation**

"A case may be exceptional when a party fails to perform an adequate prefiling investigation." MEMC Electronic Materials, Inc. v. Mitsubishi Materials Silicon Corp., 420 F.3d 1369, 1382 (Fed. Cir. 2005). Here, it is undisputed that Mr. Hoffacker testified that "to determine infringement requires physical testing of the device." Hoffacker Decl. ¶ 2. According to Plaintiff's discovery response, however, Plaintiff only had two of Defendant's accused products in its possession, the CS500 and the S625X. Moran Decl. in Supp. of Summ. J. Ex. 15 at 2. The focus of the laches argument on summary judgment, however, was on other accused products: AXN300, AXN500 and AXN700. Thus, according to Defendant, Plaintiff could not have made an adequate prefiling review in this case because it only had two of the many accused products in its possession for testing. See MEMC Electronic, 420 F.3d at 1382; see also Micromesh Tech. Corp. v. Am. Recreation Prods., 2007 WL 2501783, at * 3 (N.D. Cal. Aug. 30, 2007) ("In Q-pharma, 360 F.3d at 1302, the court held an adequate infringement analysis may consist solely of obtaining samples of the allegedly infringing product and making a good faith claim comparison between the product and the allegedly violated patent.").

In Mr. Hoffacker's supplemental declaration filed after the June 11, 2013 hearing, he stated that he was "intimately familiar with and involved in the engineering and development of the Avocet

3

1 products incorporating the '427 patented technology . . . ." Hoffacker Supp. Decl. ¶¶ 3, 4. Further, Mr. Hoffacker "understand[s] thoroughly and completely the problems that were being dealt with, and has a thorough understanding of the pressure sensors, altimeters, microchips, software and related technology and devices on the market that needed to be incorporated into a functioning product to exercise the '427 patent." Id.

Mr. Hoffacker stated that before filing this lawsuit on August 18, 2011, he conducted a thorough physical testing of two Polar units, the CS500 and S526X, that were in his possession. Hoffacker Supp. Decl. ¶¶ 6, 11. Along with the testing of these two products, Mr. Hoffacker stated that he also conducted "a total review of online instructions for each of the ultimately accused products." Id. ¶ 7. Based on the physical testing and his online review, Mr. Hoffacker stated that Plaintiff alleged Defendant's infringement in good faith. Hoffacker Supp. Decl. ¶ 7. Mr. Hoffacker concluded that:

> Based on my initial and subsequent testing of the Polar units as set forth below, and review of the instructions, I was convinced that, as far as the altimeter accumulation function, this was a very apparent uniform infringing feature in the Polar products named as infringing devices in the first amended complaint.

Hoffacker Supp. Decl. ¶ 8.

Mr. Hoffacker testified that after filing this lawsuit, Plaintiff continued to investigate other products. Before the amended complaint was filed on April 16, 2012, Plaintiff tested additional products: S725X, RS800CX, CS500, AXN300. Hoffacker Supp. Decl. ¶ 12. With respect to the AXN products, Mr. Hoffacker stated that: "I tested this one unit of the family of AXN and concluded that the other members of the family infringed based upon reviews of their online descriptions and instructions." Hoffacker Supp. Decl. ¶ 12(d). Mr. Hoffacker also stated that Plaintiff sought source code for the allegedly infringing units, and that its expert reviewed that source code and that Mr. Hoffacker "understood his review backed my conclusions re infringement."[1] Hoffacker Supp. Decl. ¶ 13.

In response to Mr. Hoffacker's supplemental declaration, Defendant argued in its

---
[1] Defendant objects to the Hoffacker declaration regarding source code. Information about source code which, if reviewed, occurred during the litigation, is not relevant to the question of prefiling review.

4

supplemental response that: "An adequate pre-filing investigation "requires an attorney, at a minimum, to '[i]nterpret the asserted patent claims and compare the accused device with those claims before filing a claim alleging infringement.'" Micromesh Tech. Corp. v. American Recreation Prods., 2007 WL 2501783 *3 (N.D. Cal. Aug. 30, 2007) quoting Q-Pharma, Inc. v. Andrew Jergens Comp., 360 F.3d 1295, 1300-01 (Fed. Cir. 2004); S. Bravo Systems, Inc. v. Containment Technologies Corp., 96 F.3d 1372, 1375 (Fed. Cir. 1996) ("Determining infringement, however, requires that the patent claims be interpreted and that the claims be found to read on the accused devices.")." Def.'s Resp. at 2.  Here, Defendant notes that there is no evidence that Plaintiff's counsel made an independent pre-filing assessment of each of the accused products or performed an independent claim construction or applied an interpreted claim to the accused products.  There is no dispute that Plaintiff only had two accused products in its possession that it tested before this case was filed, even though Plaintiff accused many more devices.  Mr. Hoffacker failed to identify which online instructions he reviewed that led him to believe, despite his statement under oath that infringement must be determined through physical testing, that other products infringed.

Although the pre-filing investigation was adequate as to some accused devices, the pre-filing investigation was not adequate with respect to others, in particular, the AXN devices.  The lack of adequate prefiling review may well show that the claims based on at least some devices were objectively baseless.  However, Mr. Hoffacker explained in his declaration that he believed that his pre-filing investigation was adequate.  Thus, even if the case was objectively baseless and although a close question, there does not appear to be clear and convincing evidence that Mr. Hoffacker had subjective knowledge that the case was without merit.  The standard to find a case exceptional under § 285 is an exacting one.  See Ilor, 631 F.3d at 1377.

**B.     Defendant argues that Plaintiff improperly pursued this case despite evidence that the accused products above were openly advertised, marketed and sold more than six years prior to Plaintiff suing Defendant**

Defendant argues that Plaintiff's pursuit of this case in light of the undisputed evidence showing the advertising, marketing and sales of Defendant's products more than six years before filing this case was objectively baseless.  In the Court's summary judgment order concerning laches,

5

the Court held that the presumption of laches applied because "given the undisputed evidence of Defendant's open marketing and sales of the accused products in 2004, at a minimum, Plaintiff had constructive notice as of that time in light of the duty to monitor developments in the field. Plaintiff did not file its action against Defendant until August 2011." Order on Mot. for Summ. J (April 16, 2013) at 8. Defendant argues that in light of the facts regarding the timing of the advertising, marketing and sales of the accused products, as set forth in the Court's April 16, 2013 Order, no reasonably objective litigant would believe that it could succeed on the merits.

Plaintiff did not dispute on summary judgment, or in this motion, the facts going to timing of the advertising, marketing and selling of the accused devices. Although Plaintiff continues to dispute the finding on summary judgment that Mr. Hoffacker had knowledge of the accused products in 2004 by relying on Mr. Hoffacker's declaration that he first became aware of the potentially infringing devices in 2005, the Court addressed this laches issue and held that because Mr. Hoffacker had a duty to police his patent rights, but failed to adequately do so, he had constructive knowledge of Defendant's products in 2004. Based on these findings, the Court determined that Plaintiff's claims were barred by laches.

However, the standard for awarding fees under § 285 is more stringent than the standard for holding that a case is barred by laches. The Court based its determination of laches on delay in bringing suit following constructive notice, not actual knowledge of infringement, so its ruling did not establish the subjective prong of the test for fees. While continuing to pursue this litigation was objectively baseless, Mr. Hoffacker's declaration that he believed to the contrary appears to preclude finding by clear and convincing evidence that he subjectively *knew* that his case was baseless as required by Ilor.

Defendant also argues that fees are appropriate because Plaintiff filed this and other related cases for the purpose of extracting settlements. Although it is undisputed that Plaintiff settled its claims against other defendants in related cases and Defendant may well be correct, there is no evidence as to the nature or amounts of the settlements reached by other defendants in those cases. For example, there is no evidence that the defendants in those cases settled low to avoid the cost of defense, unlike the situation in Eon-Net LP v. Flagstar Bancorp, 653 F.3d 1314, 1327 (Fed. Cir.

6

2011), where the records showed that the plaintiff and its related entitles had filed more than 100 patent actions against multiple defendants and then demanded "a quick settlement at a price far lower than the cost of litigation, a demand to which most defendants apparently have agreed." Of course, given the widespread use of confidentiality agreements in settlements, it is often difficult to assemble such evidence to present to courts. Nor is there any evidence that the cases against the settling defendants here were objectively baseless due, for example, to laches. Therefore, the Court cannot rule out the possibility that defendants in the other cases entered into fair settlements for more than "nuisance value" because Plaintiff had legitimate cases against them on the merits.

**2.     Fees are not warranted under 28 U.S.C. § 1927**

Under 28 U.S.C. § 1927:

> An attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorney's fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. Section 1927 authorizes sanctions only for the multiplication of proceedings (In re Keegan Mgmt. Co. Sec. Litig., 78 F.3d 431, 435 (9th Cir. 1996)), and sanctions under section 1927 require a finding of recklessness or bad faith (B.K.B. v. Maui Police Dep't, 276 F.3d 1091, 1107 (9th Cir. 2002)). However, for the reasons stated above, the Court also denies fees on this basis.

**Conclusion**

Accordingly, Defendant's Motion for Attorney's Fees is denied.

**IT IS SO ORDERED.**

Dated: August 1, 2013

*(signature)*
ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

7